WILLIAM CURRY, APPELLANT, *v.* AUGUSTA G. VAN WAGNER, RESPONDENT.

*Promissory note — when the indorser is discharged by the acceptance, by the holder thereof, of a renewal note.*

Where a debtor has given his note payable at a fixed time, with an indorser, to his creditor, and thereafter for the purpose of renewing the same gives to the creditor a similar note on time with the same indorser, which is accepted by the creditor, who does not present the first note for payment, or notify the indorser of its non-payment, the liability of the indorser upon the first note is discharged and thereafter he is only liable upon the second.

*Sheldon* v. *Horton* (43 N. Y., 93) distinguished.

APPEAL from a judgment, dismissing the complaint, entered upon the trial of this action by the court without a jury.

The action was brought upon a promissory note against the maker and indorser thereof. The complaint was dismissed as to the indorser upon the ground that no notice of the non-payment of the note had been given to her.

*William Morris,* for the appellant.

*Gerard B. Van Wort,* for the respondent.

BARNARD, P. J.:

This case does not fall within that class of cases like *Sheldon* v. *Horton* (43 N. Y., 93). In that case a debtor who had given his creditor a note with an indorser payable at a fixed time applied to the holder to let it remain another year. The indorser told the holder that he was willing. This was held to be a waiver of protest and notice, and the indorser was held as if the note had been protested. In the present case the only consent is by a renewal note, the first note (the one sued on) was given October 6, 1882, at three months. On the 4th of January, 1883, the plaintiff took a precisely similar note to the first, except the date " to renew it." The defendant Augusta Van Wagner was the indorser on the first note and also upon the second. If the indorser consented that the first note be not presented for payment and waived notice of non-payment, she

did so by a new contract, which was that the second note should be presented and notice of non-payment given her. That was not done, so that if her consent to waive protest is to be drawn from the new note the maker must do what he agreed thereby to protect the indorser upon the new note. The indorser was never bound upon the note in suit. When the maker, before it was due, delivered the new note with the same indorser having a longer time of payment inserted, the indorser is only bound upon this new note and cannot be sued upon the first even if the second had been protested, if the first was not.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.